PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK SWEETING, | ) | CASE NO. 4:19CV1454 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REHABILITATION | ) | **MEMORANDUM OF OPINION** |
| AND CORRECTION, *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 1, 6] |
| Defendants. | ) | |

Pending before the Court is the Complaint of *pro se* Plaintiff Derrick Sweeting against the Ohio Department of Rehabilitation and Correction ("ODRC"), Ohio State Penitentiary ("OSP") Corrections Officer Seech, OSP Institutional Inspector Roger Wolfe, OSP Prison Rape Elimination Act ("PREA") Staff Member Mrs. Pamler, OSP Unit Manager Remish, OSP Warden Richard Bowman, OSP Corrections Officer Sickafuse, OSP Rules Infraction Board ("RIB") Panel Member Lieutenant Bright, OSP RIB Supervisor Captain Hartman, OSP Mental Health, OSP Medical, OSP Chief Unit Manager Mr. Jackson, and OSP Deputy Warden of Operations Mr. Davis. ECF No. 4. Plaintiff filed this action under 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges he was sexually assaulted by a staff member and then was accused, in retaliation, of engaging in a sexual act in the presence of a staff member.[1] He asserts violations of his First,

---

[1] At the time the incidents occurred, Plaintiff was an inmate at OSP. He was subsequently transferred to the Southern Ohio Correctional Facility ("SOCF").

Eighth and Fourteenth Amendment rights and seeks monetary relief.

For the reasons that follow, this case is dismissed.

### I. Background

Plaintiff alleges he was sexually assaulted by Corrections Officer Seech as Seech was taking him out of his cell to attend church. ECF No. 4 at PageID #: 132. Plaintiff contends the officer was conducting a pat down search and placed his hand inside Plaintiff's pants in the area of his genitals. ECF No. 4-1 at PageID#: 136. Plaintiff alleges he asked Seech what he was doing and Seech replied that he was looking for drugs. *Id*. Plaintiff reported the incident to PREA Staff Member Mrs. Pamler and Institutional Inspector Roger Wolfe. *Id*. at PageID #: 132. Prison officials investigated the incident, however, they were skeptical of the accusation as Plaintiff had a history of filing frivolous grievances accusing staff members of engaging in inappropriate sexual relations with each other and with other inmates. *Id*. at PageID: 138. In fact, Plaintiff's grievance privileges had just been restored after being revoked for a period of time. *Id*; *see also* ECF No. 5-1 at PageID #: 254. Pamler and Wolfe questioned Plaintiff about the date and time of the incident, as he did not include that information in his reports. They indicated he repeatedly reported that the incident occurred during the second shift on April 20, 2019. ECF No. 4-1 at PageID #: 138. Wolfe reviewed the surveillance camera footage for that day and time period and determined Seech did not go to Plaintiff's cell at all on April 20, 2019 and Plaintiff had not come out of his cell on that day. *Id*. Seech denies patting down Plaintiff. *Id*. The investigation concluded with the determination that Plaintiff had filed a false claim. *Id*.

(4:19CV1454)

Approximately one month later, Plaintiff was charged with the conduct offense of engaging in inappropriate sexual conduct, a Rule 14 violation. Id. at PageID #: 230. On May 15, 2019, Officer Sickafuse announced her presence in the cell block area at 7:00 a.m. and began collecting food trays from the prisoners' cells. Id. She contends that when she walked by Plaintiff's cell, she saw him sitting on his bed with his back to the wall and engaging in sexual activity. Id. She issued him a conduct report. Plaintiff contends the conduct report was written in retaliation for grievances he filed. Id. at PageID #: 225. He alleges Lieutenant Bright found him guilty of the conduct offense even though there was no camera footage of the act and no other witnesses. ECF No. 4 at PageID #: 132.

Finally, Plaintiff includes some generalized allegations against the remaining Defendants. He contends Hartman received an informal grievance about his staff writing false conduct reports. Id. at PageID #: 134. He does not allege what Hartman's response was to his informal grievance. He claims Remish was supposed to keep Seech away from him but Seech still works in the unit. Id. He alleges Bowman, Davis and Jackson should help him as they are supervisors and he has written numerous informal grievances to them. Id. He contends Wolfe violated his rights by placing him on grievance restriction on three separate occasions. Id. Plaintiff last contends the medical and mental health departments should have provided him with medication and counseling after he was patted down by Seech. Id. He seeks $ 1,665,000,000,000.00 in damages. Id.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. The Court is "not bound to accept as true a legal

(4:19CV1454)

conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. Law and Analysis

Plaintiff first contends he was sexually assaulted by Seech during a pat down search, in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is

5

(4:19CV1454)

measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

An investigation by OSP resulted in a determination that Plaintiff fabricated the incident. They based this determination on video footage from the day in question, and that Plaintiff had just ended a period of grievance restriction for filing frivolous claims of a similar nature against other prison staff. Nevertheless, for purposes of this review, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Even assuming the incident occurred as Plaintiff described it, he fails to state a claim upon which relief may be granted.

Federal courts have long held that sexual abuse can violate the Eighth Amendment. This is true whether the sexual abuse is perpetrated by other inmates or by corrections officers. *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019). Such allegations,

6

(4:19CV1454)

however, must be "sufficiently serious" to implicate the constitution. *Id*. "'[I]solated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Id. at 1095* (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), abrogated on other grounds by *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)).

Here, Plaintiff alleges that in the course of a pat down search incident to movement within the prison, Seech placed his hand in Plaintiff's pants in the area of his genitals to look for drugs. It cannot be ignored that Plaintiff was incarcerated in Ohio's super-maximum security prison and was, allegedly, in the process of being handcuffed and thumbcuffed to go to church. His movement was escorted. The action of conducting a pat down search for drugs or weapons in this environment is not objectively unreasonable. Furthermore, even if that action could be interpreted as sexual harassment, rather than a security measure, it was by Plaintiff's account brief, isolated, and not severe. ECF No. 4-1 at PageID#: 136. It does not rise to the level of an Eighth Amendment violation.

In addition, Plaintiff asserts that the medical department and the mental health department at OSP should have provided him with medication and counseling after the pat down. These claims could be construed under the Eighth Amendment as allegations for denial of medical care.

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights. First, he must allege facts demonstrating that he was suffering from a "serious" medical condition. He must then establish that the prison official was "deliberately indifferent" to that serious medical need. *Farmer*, 511

7

(4:19CV1454)

U.S. at 834. The duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03 2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997)). Furthermore, prisoners are not entitled to full access to the medical treatment of their choice. *See Hudson*, 503 U.S. at 9.

Plaintiff's claims against the medical and mental health departments do not meet either of these criteria. As an initial matter, the prison medical department and mental health department are not *sui juris*, meaning they are not legally recognized entities capable of suing or being sued. Claims against these Defendants are either brought against the State of Ohio, or against the individuals who work in those Departments. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Furthermore, to state claims against the individuals who work in these departments, Plaintiff must demonstrate that those individuals were deliberately indifferent to a serious medical need. He cannot assert this blanket claim generally against the entire medical or mental health departments and hold the individuals who work in those departments personally liable. Finally, Plaintiff failed to allege facts suggesting he was suffering from a serious medical or mental health need as a result of the pat down search. While the alleged search may have been uncomfortable, there are no facts alleged that suggest he suffered an actual injury, much less one

(4:19CV1454)

that was sufficiently serious to invoke a constitutional violation.

Plaintiff next claims Sickafuse filed a conduct report against him in retaliation for a grievance he previously filed. Retaliation, although it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a prima facie case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Here, Plaintiff does not allege sufficient facts to state a plausible claim for retaliation. While filing grievances against prison officials is conduct protected by the First Amendment, filing frivolous grievances is not. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff was placed on grievance restriction three times for filing an extensive number of frivolous grievances. In fact, it appears from the answer to an Informal Complaint Resolution Plaintiff submitted, he was on this grievance restriction and was unable to file a grievance against Sickafuse for damaging his transcript. His transcript issues were addressed through kites. ECF No. 4-1 at PageID #: 201. As Plaintiff was barred from filing the grievance, he cannot claim that was the protected conduct in which he was engaged.

9

(4:19CV1454)

Plaintiff also alleges, perhaps in the alternative, that the conduct charges were brought in retaliation for the PREA charges he brought against staff members. It appears from the grievance restriction that Plaintiff brought more charges under the PREA than those he brought against Seech. *Id*. at PageID #: 138. To the extent those charges were deemed to be frivolous, they also do not constitute protected conduct.

Furthermore, Plaintiff does not allege any causal connection between his attempted grievance or the PREA allegations, and his conduct charges of engaging in a sexual activity in the presence of a female corrections officer. There are no allegations in the Complaint suggesting that Sickafuse knew that Plaintiff had attempted to file a grievance against her, or that she was aware of the PREA charges he had brought against Seech and other officers. There are no facts suggesting that she was motivated by either the attempted grievance or the PREA filings when she initiated the conduct charges. Filing grievances against prison officials does not forever insulate the inmate from receiving conduct reports for rules infractions. Indeed, Plaintiff has filed numerous grievances leading the ODRC to determine that he "both 'abused' and/or 'misused' the procedure...." ECF No. 5-1 at PageID #: 254. Plaintiff also has an extensive prison disciplinary record earning 96 conduct reports in just six years at three different prisons. ECF No. 4-1 at 222-24. Plaintiff cannot simply label his conduct report as retaliatory without factual allegations that suggests a causal connection between the report and protected conduct. To state a plausible claim, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true."

(4:19CV1454)

*New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Here, the Complaint does not rise above the speculative level of a possible violation to that of a plausible one. There are no facts in the Complaint suggesting the conduct charges were brought against him in retaliation for specific protected conduct, as opposed to the unprotected conduct for which he was charged and convicted at an RIB hearing.

Plaintiff next asserts a claim of racial discrimination. He does not assert his claim against any particular Defendant nor does he allege any facts upon which this claim is based. It is stated solely as a legal conclusion. Legal conclusions are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

The Complaint names Bright, Hartman, and Remish as Defendants. It does not, however, specify the legal claim or claims asserted against them and none is apparent on the face of the Complaint. It states Bright found him guilty of a conduct offense when there were no video recordings or witnesses to the event. ECF No. 4 at PageID #: 132. The Complaint alleges that Plaintiff sent Hartman an Informal Complaint Resolution asserting that staff members were bringing Rule 14 violation charges for inappropriate sexual conduct in retaliation for him reporting PREA violations on the staff. *Id*. at PageID #: 134. It does not allege what Hartman did with those allegations. It contends Remish is supposed to keep him separated from Seech but Seech still has contact with him. *Id*. The Complaint does not indicate whether there is an active order of separation or if this is something Plaintiff unilaterally expected would happen if he made an allegation and invoked the PREA. Although the standard of review is liberal for *pro se*

11

(4:19CV1454)

pleadings, it requires more than bare factual assertions or legal conclusions. *Lillard v. Shelby Cty Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must "give the Defendants 'fair notice of what the Plaintiff's claims are and the grounds upon which they rest.'" *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's allegations against Bright, Hartman and Remish do not meet this minimum pleading standard. The factual allegations against these Defendants are minimal and he asserts no legal claims against them.

Plaintiff's claims against the other remaining Defendants all appear to be based on their participation in the grievance process, or their position as a supervisor in the prison. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 559381 (6th Cir. Sept. 20, 1995). Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell,* 199 F.3d. 295, 300 (6th Cir. 1999). Likewise, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 Fed.Appx. 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, ... or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id*. (citing

(4:19CV1454)

*Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). The Complaint simply contains no facts which reasonably associate the remaining Defendants to any of the actions Plaintiff contends violated his constitutional rights.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Plaintiff's Motion for Appointment of Counsel (ECF No. 6) is denied as moot. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| November 6, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

13